GLORIA DEAN WILLIAMS,                )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )        **ORDER**
                                     )
JERRY R. TILLETT, et al.,            )
                                     )
                    Defendants.      )

Gloria Dean Williams ("Williams"), proceeding pro se, filed this action under 42 U.S.C. § 1983 against North Carolina Superior Court Judge Jerry R. Tillett and defense lawyer Joseph H. Forbes, Jr. (collectively "defendants"). Compl. [D.E. 3]. On October 22, 2015, the court granted Williams's application to proceed in forma pauperis [D.E. 2]. On November 18 and December 10, 2015, defendants moved to dismiss the complaint [D.E. 15, 20]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Williams about the motions to dismiss, the consequences of failing to respond, and the response deadlines [D.E. 17, 22]. Williams responded in opposition to the motions [D.E. 19, 23]. As explained below, the court grants the motions to dismiss and dismisses the action for lack of subject-matter jurisdiction.

I.

On June 5, 2014, Williams filed a civil complaint in Perquimans County Superior Court. Compl. 2. Judge Tillett presided over the case. Id. 1. Forbes is an attorney who represented the defendants in the suit. Id. 2. On April 20, 2015, Judge Tillett granted a defense motion and

dismissed the suit. Id. 3; see [D.E. 1-9] 3 (copy of state court order). Williams attempted to appeal, but on May 27, 2015, Judge Tillett denied Williams's motion to appeal in forma pauperis. Compl. 4; see [D.E. 1-11] (copy of state court order).

Williams attacks numerous ways her case proceeded in state court, including discovery requests "that were grammatically impossible to answer," hearings conducted in Pasquotank County instead of Perquimans County,[1] a settlement conference cancelled at Forbes's request and not rescheduled, a motions hearing "used to hear defense's motion" to dismiss without the appropriate advance notice, and "out-of-session communications between . . . Forbes and Judge Tillett." Compl. 2–3. Williams cites several alleged violations of court procedural rules and alleges that defendants' actions violated her Fourteenth Amendment due-process rights. Id. 2–4. Williams asks the court to "examine the case in question, righting all wrongs based on the law as it is written" and requests monetary damages in an unspecified amount and other relief. Id. 4.

Defendants move to dismiss the complaint and argue that the court lacks subject-matter jurisdiction over Williams's complaint, citing the Rooker-Feldman doctrine. Mem. Supp. Tillett Mot. Dismiss [D.E. 16] 3–6; Mem. Supp. Forbes Mot. Dismiss [D.E. 21] 2–3. A federal court "must determine that it has subject-matter jurisdiction over [a] case" before it addresses the merits. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). Williams, as the party asserting subject-matter jurisdiction, must prove that it exists. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04 (1998); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering the issue of subject-matter jurisdiction, the court must determine whether the complaint contains a

---

[1] The two counties are in the same judicial district. See N.C. Court System, http://www.nc courts.org/County/Perquimans/Default.asp (last visited June 27, 2016).

2

colorable federal claim. See, e.g., Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 513–14 (2006).

Generally, federal district courts have "no authority to review final judgments of a state court in judicial proceedings." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); see Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923). The Rooker-Feldman doctrine prohibits a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quotation omitted). "Rooker-Feldman . . . bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." Id. (quoting Feldman, 460 U.S. at 486). Moreover, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, inextricably intertwined with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006) (quotation omitted).

The Rooker-Feldman doctrine encompasses "not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (quotation omitted). The Rooker-Feldman doctrine "reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Id. (quotation omitted). "The doctrine [also] preserves federalism by ensuring respect for the finality of state court judgments . . . ." Washington, 407 F.3d at 279.

The Rooker-Feldman doctrine is a "narrow doctrine." Lance v. Dennis, 546 U.S. 459, 464 (2006). The doctrine applies only to "cases brought by state-court losers complaining of injuries

3

caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see Skinner v. Switzer, 562 U.S. 521, 531 (2011). The doctrine applies when the party seeking relief in federal court is asking the federal court to "'reverse or modify' the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quoting Exxon Mobil Corp., 544 U.S. at 284). Accordingly, the court "examine[s] whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); see Washington, 407 F.3d at 280.

Here, Williams specifically asks this court to review and overturn the state-court decisions dismissing her case and her request to appeal in forma pauperis. See Compl. 4. Thus, Williams challenges adverse state-court decisions, and the court lacks subject-matter jurisdiction over her claims. Accordingly, the court dismisses the complaint.

Alternatively, Williams has named a defendant, Judge Tillett, who is not amenable to suit. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts . . . are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355–56 (1978) (quotation omitted). This doctrine of judicial immunity "appli[es] in suits under § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983." Id. at 356. Thus, the court dismisses any claim against defendant Tillett.

4

II.

In sum, the court GRANTS defendants' motions to dismiss [D.E. 15, 20] and DISMISSES the action for lack of subject-matter jurisdiction. The clerk shall close the case.

SO ORDERED. This **27** day of June 2016.

                                              JAMES C. DEVER III
                                              Chief United States District Judge